UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
(at London)

| | | |
|---|---|---|
| DERRICK K. HALE, | ) | |
| | ) | |
| Petitioner, | ) | Civil Action No. 6: 20-211-DCR |
| | ) | |
| v. | ) | |
| | ) | |
| BRANDY HARM, Warden, | ) | **MEMORANDUM OPINION** |
| | ) | **AND ORDER** |
| Respondent. | ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

Petitioner Derrick Hale has filed a petition for a writ of habeas corpus under 28 U.S.C. § 2254 and a motion to proceed *in forma pauperis*. [Record Nos. 1 and 2]  A federal court "shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court *only* on the ground that he is in custody in violation of the constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a) (emphasis added).  After a petition for habeas corpus has been filed, the Court must promptly determine "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Rule 4 of the *Rules Governing Section 2254 Cases* ("Rule 4"); *see also* 28 U.S.C. § 2243.  If so, "the judge must dismiss the petition and direct the clerk to notify the petitioner." Rule 4; *see also Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) ("[T]he District Court has a duty to screen out a habeas petition which should be dismissed for lack of merit on its face.").

Hale is a state prisoner, serving a term of imprisonment at the Bell County Forestry Camp after pleading guilty to several crimes. [Record No. 1, p. 1]  He does not argue "that he

Case: 6:20-cv-00211-DCR-MAS Doc #: 6 Filed: 10/22/20 Page: 2 of 4 - Page ID#: 74

is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a).  Additionally, he has not challenged his state convictions in the Kentucky courts, and he does not challenge them here. [Record No. 1, pp. 2, 5]  Rather, he alleges only that the medical staff at Bell County Forestry Camp have violated his Eight and Fourteenth Amendment rights due to inadequate medical treatment.  [*Id.* at pp. 5–6]  He adds that he is at high-risk due to the COVID-19 pandemic and wishes to visit a hospital to receive medical care.  [*Id.* at p. 14]  Hale requests three forms of relief: (1) "a simple Commutation;" (2) an emergency motion for compassionate release; and (3) an order granting immediate release for time-served.  [*Id.* at p. 13]

In general, habeas corpus petitions are properly used "to challenge the very fact or duration of the confinement itself," while "a § 1983 action is a proper remedy for a state prisoner who is making a constitutional challenge to the conditions of his prison life." *Preiser v. Rodriguez*, 411 U.S. 475, 499 (1973).  And the "Sixth Circuit has concluded that claims regarding conditions of confinement are properly brought under § 1983 and are not cognizable on habeas review."  *Davis v. Horton*, Case No. 2:20-cv-121, 2020 WL 4883999, at *2 (W.D. Mich. Aug. 19, 2020) (collecting Sixth Circuit cases).

Hale's petition falls squarely within that category of challenges.  He argues only that medical staff at the Bell County Forestry Camp "[a]re in Direct Violation of [the] 8th and 14th Amendments of the U.S. Constitution" for refusing to respond to his medical issues and because he is at risk of contracting COVID-19.[1]  [Record No. 1, p. 5]  His constitutional claims

---

[1] This is not the first time Hale has attempted to raise these issues before the Court.  In *Hale v. United States*, London Civil Action No. 20-191, he alleged the same civil rights violations in an "Emergency Motion for Compassionate Release."  The Court will reiterate comments from the October 2, 2020, Order entered in that action: initiation of a proper civil

are tied to the conditions of his confinement, not to the fact or duration of his state convictions. Accordingly, he has not presented a cognizable habeas claim.

But even if his petition contained a cognizable habeas claim, Hale has not met his burden to show that he has exhausted state court remedies. A prisoner must exhaust state court remedies before habeas relief may be granted. 28 U.S.C. § 2254(b)(1). Federal claims must be subject to "one complete round of the State's established appellate review process" before they have been exhausted. *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999). Hale alleges that he has made various motions in Carter County Circuit Court, but none relate to his constitutional claims. [Record No. 1, pp. 3–4] And even if they did relate to those claims, he acknowledges that he did not appeal any ruling. [*Id.* at p. 5] It is plain from his petition that Hale has not exhausted his state court remedies. Both on the merits, and due to lack of exhaustion, he is not entitled to habeas relief. And because the petition will not proceed, his motion to proceed *in forma pauperis* will be denied as moot.

Finally, the Court will not issue a certificate of appealability. Rule 11 of the *Rules Governing Section 2254 Proceedings*; 28 U.S.C. § 2253(c)(1)(A). A certificate of appealability may be issued only when the defendant has "made a substantial showing of the denial of a constitutional right." § 2253(c)(2). To satisfy this burden, a party must show that reasonable jurists could debate whether the petition should have been resolved in a different way or that the issues involved were adequate to proceed further. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Here, reasonable jurists could not debate that Hale's petition contains no

---

rights action requires: (a) a signed and verified Civil Rights Complaint [EDKy Form 520]; and (b) payment of the applicable filing and administrative fees or proper filing of a motion to proceed *in forma pauperis* [AO Form 240; EDKy Form 523].

cognizable habeas claim or that Hale has not exhausted his state court remedies. Accordingly, a certificate of appealability will not issue.

Based on the foregoing analysis, it is hereby

**ORDERED** as follows:

1. Hale's petition for a writ of habeas corpus [Record No. 1] is **DENIED**.

2. Hale's motion to proceed *in forma pauperis* [Record No. 2] is **DENIED**, as moot.

3. This matter is **DISMISSED** and **STRICKEN** from the docket.

4. A Certificate of Appealability shall not issue.

Dated: October 22, 2020.

Danny C. Reeves, Chief Judge
United States District Court
Eastern District of Kentucky